# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LUIS ISRAEL HEREDIA-LA ROSA,

               Petitioner,

      v.

J. JOHNSON, et al.,

               Respondents.

Case No. 5:26-cv-01717-SVW-PD

**ORDER DISMISSING HABEAS PETITION**

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Luis Israel Heredia-La Rosa ("Petitioner"), proceeding *pro se*. Dkt. No. 1. Petitioner alleges he is from Peru and was apprehended at the United States border by Immigration and Customs Enforcement ("ICE") on December 25, 2022, detained for two days, and then released on parole. Dkt. No. 1, Petition ¶ 56. While on parole, Petitioner applied for asylum and attended regular ICE check-ins; Petitioner alleges there were no changed circumstances to make him a danger or flight risk. *Id.* ¶¶ 56–57, 62. On February 27, 2026, Petitioner was re-detained at an ICE check-in and taken into custody at the Adelanto Detention Facility. *Id.* ¶ 56.

Petitioner filed a motion for a temporary restraining order ("TRO") along with his Petition, to which Respondents filed a response. Dkt. Nos. 3, 4,

9. On April 24, 2026, in a fully-reasoned order, the Court denied the TRO motion. Dkt. No. 11.

Thereafter, Respondents filed an answer to the Petition, stating that on October 15, 2025, Petitioner was convicted of violating California Penal Code section 273.5(a), the willful infliction of corporal injury resulting in a traumatic condition upon an offender's current or former spouse, cohabitant, partner in a dating relationship, or the parent of the offender's child. Dkt. Nos. 14 at 2; 14-1 at 3. Respondents argue that due process did not require advanced notice or a hearing prior to detention and that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, due to his conviction. Dkt. No. 14 at 3. Respondents also argue the Petition fails to allege specific facts. *Id.* Respondents ask the Court to dismiss the Petition. *Id.* at 4.

According to the briefing schedule, *see* Dkt. No. 12, Petitioner's reply was due on May 26, 2026.[1] Instead, on May 27, 2026, Petitioner filed a Motion for Voluntary Dismissal Without Prejudice, stating that he "does not want to continue with his habeas petition . . . ." Dkt. No. 15 at 2.

Therefore, the Court orders the Petition to be dismissed. Judgment dismissing the habeas action will be entered accordingly.

IT IS SO ORDERED.

DATED: June 15, 2026

HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

---

[1] The Court referred the Petition to the Office of the Federal Public Defender ("FPD") for consideration of appointment of counsel. Dkt. No. 13. The FPD did not file an appearance on Petitioner's behalf.

2